UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-21685-JB

JEAN MANUEL FERNANDEZ,

      Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER,

      Respondent.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court *sua sponte.* On March 13, 2026, Petitioner Juan Manuel Fernandez ("Petitioner") filed a *pro se* "Petition for Writ of Habeas Corpus" ("Petition"), ECF No. [1], pursuant to 28 U.S.C. § 2241. On March 18, 2026, after review of the Petition, the Court entered an Order, ECF No. [7], finding that Petitioner was not challenging the execution of his sentence by prison officials and, instead, was challenging the constitutionality of a state court conviction entered in Tampa, Florida, for which he received a one-year sentence. *Id.* at 1–2. Because Petitioner asserted he was in custody pursuant to a state court judgment, the Petition was more properly construed as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *Id.* Pursuant to the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003), the Court instructed Petitioner of its intent to recharacterize the Petition, directed Petitioner to file on or before April 15, 2026, a notice with the Court either agreeing to the Petition's recharacterization or

withdrawing the Petition, rather than have the Petition recharacterized as a § 2254 petition.  *Id.* at 6.

Pursuant to Rule 2(e) of the Rules governing Section 2254 Cases in the United States District Courts, Petitioner was also advised that if he agreed with the recharacterization he could file a final amended petition on the form provided by the April 15, 2026 deadline.  Petitioner was cautioned that failure to comply with the Order would result in dismissal of this case, without prejudice except to any application of the federal statute of limitations, or other federal procedural bars that may apply to render the dismissal one with prejudice.[1]  *Id.* at 7.  The deadline for Petitioner to respond to the Order has now passed, and Petitioner has not filed a notice either agreeing to the recharacterization or dismissing the Petition; has not filed an amended petition; and has not sought an extension of time to do so.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape, Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a

---

[1] Additionally, on March 16, 2026, the Court entered an Order Instructions to *Pro Se* Petitioners which states: "*Pro se* litigants, like all litigants, must comply with procedural rules.  The Petitioner shall therefore comply with the Rules Governing Section 2254 Cases in the United States District Courts, the Federal Rules of Civil Procedure, and the Local Rules for the Southern District of Florida."  ECF No. [4] at 1.  In that Order, the Court also cautioned Petitioner that "[f]ailure to comply with any court order may result in dismissal" of this case.  *Id.* at 2.

court order under Fed. R. Civ. P. 41(b). *Id.* Accordingly, after careful review of the record and the relevant authorities, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice except as to application of the federal statute of limitations or other procedural defenses which may apply;

2. All pending motions are **DENIED AS MOOT**; and

3. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at Miami, Florida on this 29th day of May, 2026.

JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

**Copies Furnished to:**

**Juan Manuel Fernandez,** *Pro Se*
Alien # 019528235
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Brittany B. Brock, AUSA**
US Attorney's Office
Email: brittany.brock@usdoj.gov